UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Louise Avery, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action H-10-2064 |
| | § | |
| Waller County, Texas, | § | |
| | § | |
| *Defendant*. | § | |

**Memorandum and Order**

Pending before the court is plaintiff Louise Avery's motion to remand. Dkt. 3. After review of the motion, the response, and the applicable law, the claim for wrongful termination and retaliation under § 1983 is DISMISSED WITHOUT PREJUDICE to refile and the motion to remand is GRANTED. This case is therefore REMANDED to the 506th Judicial District Court of Waller County, Texas. Additionally, plaintiff's request for costs, expenses, and attorneys' fees is DENIED.

**Background**

On May 13, 2010, plaintiff Louise Avery filed suit against Waller County, Texas in the 506th Judicial District Court of Waller County, Texas. Dkt. 1. In the original petition, Avery claims violations of Chapter 554 of the Texas Government Code, commonly known as the Whistleblower Act. *Id.*, Ex. B. Additionally, the petition makes reference to a claim under 42 U.S.C. § 1983 for wrongful termination and retaliation. *Id.*, Ex. B at 3. However, the petition also states that "[a]though Plaintiff's rights were violated under 28 U.S.C. § 1983, she is currently in the process of exercising her administrative remedies prior to amending this action and making such claims herein." *Id.*

Waller County removed the case to this court on the basis of federal question, relying on the § 1983 allegations contained in the petition. Dkt. 1. Avery then filed a motion to remand, contending that she is only bringing a cause of action under the Texas Whisteblower Act and is not bringing a § 1983 claim at this time; therefore, this court lacks jurisdiction and the case should be remanded to state court. Dkt. 3.

## ANALYSIS

**1. Standard**

A defendant may remove a state civil case to federal court if the federal court would have had original jurisdiction. 28 U.S.C. § 1441(a). The burden of proving that federal jurisdiction exists rests on the removing party. *De Aguilar v. Boeing Co.,* 47 F.2d 1404, 1408 (5th Cir. 1995). "Any ambiguities should be . . . strictly construed in favor of remand." *Manguno* v. *Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

**2. Discussion**

In the present case, Avery contends that she did not bring a claim under §1983 for wrongful termination and retaliation even though her state petition discusses this claim in some detail. *See* Dkt. 1, Ex. B. at 3–4. Rather, she is pursuing her administrative remedies with respect to this possible claim. Dkt. 3. Therefore, this court lacks subject matter jurisdiction as the only claim brought is under Texas law. Additionally, Avery seeks costs, expenses, and attorneys' fees relating the removal. Dkt. 3 at 2. In response, Waller County argues: (1) Avery's claim for unemployment benefits is not an administrative remedy that Avery is required to exhaust before bringing a § 1983 claim; and (2) Avery has provided no explanation as to why she included the details of a § 1983 claim in her petition if she was in fact not bringing such a claim at the present time. Dkt. 8.

Furthermore, Waller County contends that it removed this action in good faith given the apparent § 1983 claim and Avery's request for costs, expenses and attorneys' fees should be denied. *Id.*

In reviewing Avery's state petition, it does indeed look like she is bringing a claim under § 1983, notwithstanding the language stating otherwise. The paragraphs relating to §1983 are located directly after the Whisteblower claim, and she details the types of damages she incurred as a result of the wrongful termination and retaliation. *See* Dkt. 1, Ex. B. However, Avery argues in her motion to remand that she has not and does not wish to bring such a claim at this time. Therefore, the best course of action for the court is to dismiss without prejudice what appears to be a § 1983 claim and remand the case back to state court. Thereafter, should Avery decide to amend her petition to include a § 1983 claim or any other federal claim, Waller County will have the opportunity to remove the case to federal court at that time. Additionally, there is no evidence that Waller County acted unreasonably or in bad faith in removing this case and, therefore, Avery's request for costs, expenses, and attorneys' fees is denied.

## CONCLUSION

For the reasons set forth above, Avery's motion to remand is GRANTED. The § 1983 claim is DISMISSED WITHOUT PREJUDICE to refile and the case is REMANDED to the 506th Judicial District Court of Waller County, Texas. Additionally, Avery's request for costs, expenses, and attorneys' fees is DENIED.

Signed at Houston, Texas on July 8, 2010.

_____
Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY